2009R01023
CJK/gr

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable Peter G. Sheridan, U.S.D.J. |
|---|---|
| Plaintiff, | Criminal No. 10-692 (PGS) |
| v. | |
| DAVID FINDEL | CONSENT ORDER OF FORFEITURE |
| Defendant. | |

**WHEREAS**, on or about October 14, 2010, defendant David Findel pled guilty pursuant to a plea agreement with the United States to an Information charging him with devising and intending to devise a scheme and artifice to defraud a financial institution and others, and to obtain money and property, namely more than $11 million, by means of materially false and fraudulent pretenses, representations, and promises in violation of 18 U.S.C. §§ 1343 and 2; and

**WHEREAS**, in pleading guilty, defendant David Findel acknowledged that the losses resulting from his fraud exceeded $11 million; and

**WHEREAS**, as set forth in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of the offense to which defendant David Findel pled guilty, the defendant shall forfeit to the United

States any property, real and personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343; and

**WHEREAS,** if by any act or omission of the defendant, any property subject to forfeiture:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS,** the United States has not, as of this date, identified specific assets that constitute or are derived from proceeds traceable to the offense of defendant David Findel, nor has the United States yet identified any property of defendant David Findel that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS,** the defendant David Findel waives all interests in and claims to property described above; consents to the forfeiture of property to the United

States; and agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of property; waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment; acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; agrees, pursuant to Rule 32.2(b)(4)(A), to consent promptly to the finalization of the order of forfeiture before sentencing if requested by the Government to do so; waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of property described above; and waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Order of Forfeiture; and

**WHEREAS,** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the defendant David Findel shall forfeit to the United States $11,850,838 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**IT IS FURTHER ORDERED** the a money judgment in the amount of $11,850,838 shall be entered against defendant David Findel; and

**IT IS FURTHER ORDERED** that the Court shall order forfeiture of any other property of defendant David Findel up to the value of $11,850,838, if by any act or omission of defendant David Findel, any of the described property subject to forfeiture:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty,

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the defendant David Findel at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value not to exceed $11,850,838 to satisfy the money judgment in whole or in part; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, District of New Jersey, Attention: Assistant United States Attorney Christopher Kelly.

**ORDERED** this 14 day of October, 2010.

_____
Honorable Peter G. Sheridan
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____     Dated: 10/14/10
By: Christopher J. Kelly
Assistant United States Attorney

_____     Dated: 10-14-2010
Robert A. Weir, Jr., Esq.
Attorney for Defendant David Findel

_____     Dated: 10-14-2010
Defendant David Findel

## FORFEITURE ALLEGATIONS

1. The allegations contained in paragraphs 1 through 8 of Count One of this Information are realleged and incorporated as though set forth in full herein for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), upon conviction of the offense set forth in Count One of this Information, the defendant shall forfeit to the United States any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343, alleged in Count One of this Information.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

- 5 -

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the property described above in paragraph 2 pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

*[signature]*
PAUL J. FISHMAN
United States Attorney