2009R01023
FCB/gr

ELECTRONICALLY FILED

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.

DAVID FINDEL,

     *Defendant.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Honorable Peter G. Sheridan, U.S.D.J.

Criminal No. 10-692(PGS)

REVISED AMENDED PRELIMINARY
ORDER OF FORFEITURE TO
INCLUDE SUBSTITUTE PROPERTY OF
DEFENDANT DAVID FINDEL

**WHEREAS**, on October 14, 2010, the United States filed a one-count Information (ECF Doc. No.12 ) against David Findel, which charged him with wire fraud in violation of 18 U.S.C. §§ 1343 and 2; and

**WHEREAS**, on October 14, 2010, the United States and David Findel entered into a Plea Agreement (ECF Doc. No.15 ) in which David Findel pled guilty to wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and he agreed to the criminal or civil forfeiture of $11,850,838, as property that constitutes or is derived from proceeds traceable to the commission of the wire fraud offense and/or that constitutes substitute assets as provided for under 28 U.S.C. § 2461(c), and further agreed to the imposition of a money judgment in the amount of $11,850,838 as such sum represents all property derived from proceeds or is traceable to the commission of the wire fraud offense; and

**WHEREAS**, on November 3, 2010, the Court entered a Consent Order of Forfeiture (ECF Doc. No.18 ), wherein David Findel consented to the entry of a money judgment in the amount of $11,850,838, as such sum represents all property derived from proceeds or is traceable to the commission of the wire fraud offense, because the United States could not identify specific assets that constituted or were derived from proceeds traceable to the offense of conviction,

**WHEREAS**, pursuant to the Consent Order of Forfeiture, David Findel also consented to the forfeiture of substitute property up to the amount of $11,850,838 if, by any act or omission of David Findel, any of the $11,850,838 that is subject to forfeiture:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty; and

**WHEREAS**, on February 18, 2011, with the consent of the bailee, the Federal Bureau of Investigation seized approximately 511 bottles of wine from 46 Ruby Drive, Morganville, New Jersey 07751 that belong to David Findel. The list of wine seized appears at Attachment A. The bottles of wine were

2

seized as substitute property to partially satisfy the money judgment entered against David Findel; and

**WHEREAS** the United States identified additional property of David Findel that is now available for forfeiture as substitute property to partially satisfy the money judgment entered as provided for in the original Consent Order of Forfeiture; and

**WHEREAS**, on March 15, 2011, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States moved to amend the Consent Order of Forfeiture that was entered in this action on November 3, 2010 to include the forfeiture of substitute property having a value not to exceed $11,850,838 of the David Findel; and

**WHEREAS**, on March 15, 2011, pursuant to the United States' above motion, the Court entered an Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions to include the following property belonging to David Findel as substitute property to satisfy the $11,850,838 money judgment previously entered against David Findel:

    a.    Two Versace sofas;

    b.    Girard Emilia Custom Woodcarvers dining room set consisting of a table, 18 chairs, a buffet, a china cabinet and a large mirror, with a claimed purchase price of $350,000;

    c.    Original McCrink painting with an estimated retail value of $9,000;

d.   Four Alexandra Nechita limited edition prints with a total estimated retail value of $12,000;

e.   Two Michael Godard limited edition prints with a total estimated retail value of $3,000;

f.   Three Orlando Agudelo-Botero limited edition prints with estimated retail values of $5,000, $3,900 and $3,900;

g.   A Tiffany & Co. Tesoro chronometer 18k yellow gold watch as valued by David Findel as $12,500;

h.   A Breitling 18k yellow gold watch as valued by David Findel as $20,000;

i.   A Breitling platinum watch as valued by David Findel as $18,000;

j.   A Breitling 2-tone gold watch as valued by David Findel as $4,000;

k.   A Vacheron Constantin 18k yellow gold watch as valued by David Findel as $7,500;

l.   An IWC Schaffhausen 18k yellow gold watch as valued by David Findel as $18,000;

m.   A Schaffhausen 18k rose gold watch as valued by David Findel as $7,500;

n.   A Rolex Presidential 18k white gold diamond watch as valued by David Findel as $17,500;

o.   An Audemars Piguet Royal Oak 18k yellow gold watch as valued by David Findel as $22,500;

p.   A Patek Philippe watch as valued by David Findel as $14,000;

q.   A Cartier 18k yellow gold watch with an estimated retail value of $7,200;

r.   A 2009 two-door black Jeep Wrangler;

s.   United States currency in an amount of $1,000 or greater;

t.   Valuable sterling silverware;

u.   Versace Medusa china purchased in or around 2003;

v.   Approximately 500 bottles of wine with an estimated retail value of $100,000; and

w.   Other valuable substitute property identified as belonging to David Findel; and

4

**WHEREAS**, pursuant to the United States' Motion for an Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, the Court found there was probable cause to believe that David Findel was concealing substitute property from the United States to avoid seizure, thus the Court authorized any Deputy U.S. Marshal, Special Agent, or Authorized Officer of the United States to make entry and search the residence of David Findel and his wife, located at 85 East Parsonage Way, Manalapan, New Jersey, 07726; the residence of Mike Findel and his wife, located at 220 Daffodil Drive, Freehold, New Jersey 07728; and Brando's Citi Cucina restaurant, located at 162 Main Street, Asbury Park, New Jersey, to seize any valuable property belonging to David Findel;

**WHEREAS**, pursuant to the United States' Motion for an Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, the Court found there was probable cause to believe that David Findel was concealing substitute property from the United States to avoid seizure, thus the Court authorized any Deputy U.S. Marshal, Special Agent, or Authorized Officer of the United States to enter the residence of John Grant, his wife, and his mother, located at 219 Georgia Road, Freehold, New Jersey 07728, and the premises of National Home Furnishings, a furniture store located at 6601 Route 9 North, Howell, New Jersey 07731, to seize any valuable property belonging to David Findel; and

**WHEREAS**, pursuant to the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, the Court additionally authorized any Deputy U.S. Marshal, Special Agent, or Authorized Officer of the United States to make entry and search 85 East Parsonage Way, Manalapan, New Jersey, 07726 and 220 Daffodil Drive, Freehold, New Jersey 07728 to seize the following items, which will include information regarding David Findel, Mike Findel, and/or any aliases they may use, from January 1, 2007 through the present, and which may contain evidence of additional substitute property:

    a.    Documents, records, and computer storage devices, including receipts, bank records, wire transfer instructions, ledger sheets, money remitting records that reflect transactions of $9,000 or greater, address books, lists of telephone numbers, telephone bills, letters, facsimile transmissions, and handwritten notes;

    b.    Identification documents such as passports, driver's licenses, credit cards, social security cards, and vehicle registrations;

    c.    Travel records, such as hotel bills, airplane and train tickets, car rental receipts, itineraries, and credit card bills;

    d.    Paraphernalia used to facilitate the concealment of assets, such as facsimile machines, computers, cellular telephones, answering machines, voice messaging systems, and if unable to image electronic devices at the location, such devices may be removed and returned within a reasonable amount of time; and

    e.    Paraphernalia used to store or transport currency, including safes and their contents, duffel bags, and safe deposit keys; and

**WHEREAS**, on March 17, 2011, pursuant to the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as

6

Search and Seizure Provisions, Deputy U.S. Marshals and the Federal Bureau of Investigation (hereinafter "law enforcement") entered and searched the residence of David Findel and his wife, located at 85 East Parsonage Way, Manalapan, New Jersey, 07726, and seized property belonging to David Findel, the list of which property appears at Attachment B; and

**WHEREAS**, on March 17, 2011, pursuant to the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, law enforcement entered and searched the residence of Mike Findel and his wife, located at 220 Daffodil Drive, Freehold, New Jersey 07728 and seized property belonging to David Findel, the list of which property appears at Attachment C1; and

**WHEREAS**, during the search at 220 Daffodil Drive, Freehold, New Jersey 07728, law enforcement discovered a key for safe deposit box #136 located at Provident Bank, 4331 Route 9 North, Freehold, New Jersey, and pursuant to Mike Findel's verbal and written consent, the contents of safe deposit box #136 were seized as substitute assets belonging to David Findel, the list of which property appears at Attachment C2; and

**WHEREAS**, on March 17, 2011, pursuant to the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, law enforcement entered and searched the residence of John Grant, his wife, and his mother, located at 219 Georgia

7

Road, Freehold, New Jersey 07728 and seized substitute property belonging to David Findel, the list of which property appears at Attachment D; and

**WHEREAS**, on March 25, 2011, law enforcement served the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions upon National Home Furnishings located at 6601 Route 9 North, Howell, New Jersey 07731, to seize one Girard Emilia Custom Woodcarvers dining room set consisting of a table, 18 chairs, a buffet, a china cabinet and a large mirror; and

**WHEREAS**, on March 31, 2011, pursuant to the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, law enforcement received and seized a check in the amount of $14,000 from National Home Furnishings located at  6601 Route 9 North, Howell, New Jersey 07731, representing the net proceeds from the sale by National Home Furnishings of the aforementioned Girard Emilia dining room set, the net proceeds of which sale appears at Attachment E; and

**WHEREAS**, on April 22, 2011, the United States returned to Mike Findel the following items listed in Attachment C1:

    a.     Paperwork - agreement to provide legal services between Mike Findel and James M. Newman; and

    b.     one receipt dated 5/25/2010 for check of $165,000 from Mike Findel by Sharon McMahon; and

    c.     one safe deposit box key labeled Diebold Inc, Canton Ohio, in a red envelope labeled Brooklyn Federal Savings & Loan; and

**WHEREAS,** pursuant to the Consent Order of Forfeiture and the Amended Order of Forfeiture to include Substitute Property of Defendant David Findel as well as Search and Seizure Provisions, wherein David Findel waives all interests in and claims to all of the property listed in Attachments A through E (hereinafter collectively the "Property") as substitute property, consents to the forfeiture of the Property, and waives all constitutional and statutory challenges of any kind to any forfeiture carried out;

It is hereby **ORDERED, ADJUDGED AND DECREED:**

**THAT** the Property listed in Attachments A through E , with the exception of those returned to Mike Findel, are hereby forfeited to the United States as substitute property in partial satisfaction of the money judgment entered against David Findel in the amount of $11,850,838; and

**THAT** the United States shall, promptly after the forfeiture of the Property, initiate proceedings necessary to protect any third-party interests in the substitute property, pursuant to and in accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n), prior to requesting entry of a final order of forfeiture with respect thereto; and

**THAT** pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the

official Internet government forfeiture site, namely www.forfeiture.gov for at
least thirty consecutive days; and

**THAT** the United States ~~may~~ shall also, to the extent practicable, provide *(Pos)*

direct written notice to any person known to have alleged an interest in the

Property that is the subject of this Order, as a substitute for published notice

as to those persons so notified; and

**THAT** pursuant to 21 U.S.C. § 853(n)(2), any person other than David

Findel asserting a legal interest in any of the Property must file a petition with

the Court within **thirty** days of the final publication of notice or of receipt of

actual notice, whichever is earlier, and state that the petition shall be for a

hearing to adjudicate the validity of the petitioner's alleged interest in the

Property, and a hearing is requested, it shall be held before the Court alone,

without a jury; and

**THAT** pursuant to 21 U.S.C. § 853(n)(3), the petition must be signed by

the petitioner under penalty of perjury, as established in 28 U.S.C. § 1746, and

shall set forth the nature and extent of the petitioner's right, title or interest in

each item of the Property, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the Property, and any additional

facts supporting their claim and the relief sought; and

10

**THAT** pursuant to 21 U.S.C. § 853(n)(4), and the teleconference held on April 25, 2011, a hearing on the petition will be held, to the extent practicable and consistent with the interests of justice, upon the conclusion of discovery. The Court may consolidate the hearing on the petition with any other hearings requested on any other petitions filed by any other person other than David Findel; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as to the Property, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

**THAT** this Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**ORDERED** this ___3___ day of __May__, 2011.


HONORABLE PETER G. SHERIDAN
United States District Judge

11

# ATTACHMENT A

**46 Ruby Drive, Morganville, New Jersey**
**Requested by Andrew August**
**Picked up 2/18/2011**

| # of Bottles | Year | Description | Bottle Size if not a standard bottle |
|---|---|---|---|
| 13 | 1998 | Caymus Special Select | |
| 3 | 1997 | Caymus Special Select | |
| 36 | 1999 | Opus One | |
| 13 | 1995 | Opus One | |
| 28 | 1998 | Opus One | |
| 24 | 1998 | Sassicia | |
| 4 | 1997 | Opus One | 1.5L |
| 1 | 1996 | Opus One | 6L |
| 1 | 1997 | Opus One | 6L |
| 1 | 1993 | Opus One | 3L |
| 2 | 1999 | Opus One | |
| 6 | 1994 | Opus One | |
| 5 | 2003 | DalForno Romano-Valpolicella | |
| 1 | 2000 | Sassicaia Bolgheri | |
| 7 | 2004 | Sassicaia Bolgheri | |
| 2 | 2003 | Porto Nieport 10 Years Old | |
| 2 | 2005 | Rosso di Montalcino | |
| 1 | 1998 | Joseph Phelps Insigna | |
| 1 | 1998 | Stag's Leap Wine Cellars- Cabernet Sauvignon | |
| 1 | 2005 | Barbaresco | 1.5L |
| 27 | 2000 | Tignanello | |
| 2 | 2001 | Argiano Brunello di Montalcino | |
| 1 | 1999 | Penfolds RWT Shiraz | |
| 1 | 1999 | Anselma Vigna Rionda Barolo | |
| 1 | 1997 | Barolo-Riserva | 3L |
| 1 | 1997 | Duckhorn Vineyards- Howell Mountain Merlot | 3L |
| 2 | 1998 | Caymus Vineyards- Special Selection | 3L |
| 1 | 1994 | Opus One | 3L |
| 1 | 2004 | Sassicaia Bolgheri Sassicaia | 3L |
| 1 | 1999 | Flaccianello della Pieve | 3L |
| 1 | 1995 | Kenwood Artist Series  Cabernet Sauvignon | 3L |
| 1 | 2004 | Sassicaia Bolgheri | 3L |
| 3 | 1998 | Frog's Leap Rutherford | |
| 68 | 1998 | Quintessa | |
| 12 | 1999 | Caymus- Special Reserve | |
| 14 | 2002 | Solengo | |
| 13 | 2003 | Tenuta Le Querce | |
| 5 | 2000 | Solaia | |
| 2 | 2000 | Insignia | |
| 5 | 2006 | Bodega Noemia Patagonia | |
| 2 | 2003 | Bodega Noemia Patagonia | |
| 18 | 1998 | Caymus Vineyards- Caberbet Sauvignon | |
| 29 | 2000 | Arietta Napa Valley Red Wine- Vintage | |
| 8 | 1977 | Grahams- Vintge Port | |

**46 Ruby Drive, Morganville, New Jersey**
**Requested by Andrew August**
**Picked up 2/18/2011**

| # of Bottles | Year | Description | Bottle Size if not a standard bottle |
|---|---|---|---|
| 2 | 1977 | Fonseca's Vintage Port | |
| 1 | 1963 | Fonseca's Vintage Port | |
| 2 | 1999 | Napa Valley Merlot- Duck Horn Vineyards | |
| 1 | 1998 | Duckham Vineyards- Napa Valley Merlot | |
| 2 | 1999 | Rudd- Jericho Canyon Vineyard | |
| 4 | 1995 | Kenwood Cabernet Sauvignon | |
| 1 | 1963 | Taylor Vintage Port | |
| 1 | 1997 | Kenwood Artist Series  Cabernet Sauvignon | |
| 1 | 1998 | Chateu Montelena- Cabernet Sauvignon | |
| 2 | 1999 | Fisher Vineyards | |
| 3 | 2005 | Renard Tres Ninos | |
| 2 | 2004 | Dettori- Badde Nigolosu | |
| 2 | 2002 | Valpolicella- Dal Forno Romano | |
| 1 | 1998 | Brunello di Montalcino | |
| 1 | 1998 | Spring Mountain Vineyard | |
| 1 | 2001 | IL Palazzone Brunello di Montalcina Riserva | |
| 2 | 2004 | Amative Cantele | |
| 1 | 1998 | Cain Five Napa Valley | |
| 1 | 1999 | Caymus Vineyards- Special Selection | |
| 1 | 2000 | Cicala Barolo- Paderi Aldo Conterna | |
| 1 | 2003 | Tenuta Le Querce Tamurro Nero | |
| 1 | 1998 | Shafer- Cabernet Sauvignon | |
| 2 | 1997 | Nurts- Saint Georges | |
| 3 | 2002 | Solengo Toscana | |
| 1 | 2003 | Tenuta Le Querce- Vigna Della Corona | |
| 1 | 2001 | Marilyn Merlot | |
| 1 | 1995 | Raymond Generations | |
| 2 | 1998 | Marco Maci- Bella Mojgan | |
| 2 | 2001 | Poggio Bertaio- Crovello | |
| 2 | 1999 | Fisher Vineyards- Cabernet Sauvignon | |
| 2 | 1998 | Lokoya- Cabernet Sauvignon | |
| 1 | 1995 | Lokoya- Cabernet Sauvignon | |
| 1 | 1995 | Kenwood Artist Series | |
| 1 | 1997 | Kenwood Artist Series | |
| 1 | 1996 | Barkan Reserve Merlot | |
| 1 | 1982 | Gaja- Barbaresco | |
| 1 | | Schuetz Oles Port | |
| 1 | 1997 | Brunello di Montalcino- Angelo Sassetti | |
| 1 | 2005 | Le Serre Nuove Bolgheri | |
| 1 | 1998 | Chimney Rock- Reserve | |
| 1 | 1999 | Dr Stephens- Cabernet Sauvignon | |
| 1 | 2000 | Bujdoso's Merlot | |
| 1 | 1999 | Turnvull- Cabernet Sauvignon | |
| 1 | 2005 | Le Serre Nuove Dell' Ornelloia- Bolgheri | |

**46 Ruby Drive, Morganville, New Jersey**
**Requested by Andrew August**
**Picked up 2/18/2011**

| # of Bottles | Year | Description | Bottle Size if not a standard bottle |
|---|---|---|---|
| 1 | 1998 | Caymus Vineyards- Special Selection- Cabernet Sauvignon | |
| 1 | 2003 | Castello dei Rampolla- Sammarco | |
| 3 | 2002 | Amarone Dal forno Romano | |
| 3 | 1996 | Opus One | |
| 4 | 1987 | Opus One | |
| 2 | 1996 | Opus One | 1.5L |
| 1 | 1999 | Caymus- Special Selection | 1.5L |
| 2 | 1996 | Abreu- Cabernet Sauvignon | |
| 2 | 1999 | Rudd- Red wine | |
| 2 | 1993 | Opus One | 1.5L |
| 2 | 2001 | I sodi di S Niccolo- Toscana | |
| 2 | 2004 | Galatrona Petrolo | |
| 3 | 1999 | Luce della Vite | |
| 3 | 1998 | Mount Veeder Winery- Cabernet Sauvignon | |
| 3 | 1997 | Camigliano Brunello di Montalacina | |
| 2 | 2003 | Terra di Lavoro- Red Wine Roccamanfina | |
| 1 | 1992 | Chateu Montelena- Cabernet | |
| 2 | 2004 | Colpetrone Montefalco Rosso | |
| 1 | 2003 | Castello dei Rampolla | |
| 23 | | Tenuta le Querce Tamurro Neru | |
| 9 | 2004 | Barons Edmond Benjamin de Rothschild | |
| 3 | 1998 | Opus One | Picked up 3/10/11 |
| 2 | 1999 | Opus One | Picked up 3/10/11 |

511

# ATTACHMENT B

**David Findel and Maria Prignoli Findel Residence**
**85 E. Parsonage Way, Manalapan, New Jersey**
**Served and seized 3/17/2011**

| |
|---|
| Louis Vuitton Box Containing handwritten notes, paper clips |
| US Currency $10,000, $8,000 and $1,640 |
| US Currency $3,851 |
| Men's style Cartier Watch |
| Gold colored pocket watch on a chain |
| Gold colored ring |
| 2 gold colored bracelets |
| gold colored medalion on a chain |
| 2 gold colored pendants |
| Safe deposit key |
| 2009 Black Jeep Wrangler, VIN# 1J4FA541X9L769036, NJ Plate T85-CAN |
| Eleven Paintings |
| Assorted Financial documents |

# ATTACHMENT C1

**Mike and Natalie Findel Residence**
**220 Daffodil Drive, Freehold, New Jersey**
**Served and seized 3/17/2011**

| |
|---|
| IWC Shaffhausen Men's wrist watch with black colored band |
| Patek Philippe Geneve wrist watch with black colored band |
| $10,000 cash in envelope and a  money band |
| $10,000 cash in envelope and a money band |
| Audomors Piguot Royal Oak watch |
| Paperwork - agreement to provide legal services between Mike Findel and James M. Newman |
| Receipt dated 5/25/2010 for check of $165,000 from Mike Findel by Sharon McMahon |
| Safe deposit box key labeled Diebold Inc, Canton Ohio, in a red envelope labeled Brooklyn Federal Savings & Loan |

# ATTACHMENT C2

**Mike and Natalie Findel Residence**
**220 Daffodil Drive, Freehold, New Jersey**
**Served and seized 3/17/2011**

**Safe Deposit Box #136 Provident Bank, 4331 Route 9 North, Freehold, New Jersey**
**Mike Findel gave consent and the items were removed and brought to the residence**

| |
|---|
| Vacheron Constantin wrist watch with black colored band |
| International Watch Co - Schaffhausen with black colored band |
| Breitling Chronograph auomatic metal watch with silver and gold colored band |
| Breitling Chronometre Montbrillant Eclipse watch with black colored band |
| Breitling 1884 gold colored watch with black colored band |

# ATTACHMENT D

**John Grant Residence**
**219 Georgia Road, Freehold, New Jersey**
**Served and seized 3/17/2011**

| Box | Manufacturer | Type | Description | Quantity |
|---|---|---|---|---|
| 1 | Versace | Bowl | Soup | 13 |
| 2 | Versace | Plate | Dinner | 15 |
| 3 | Versace | Plate | Show | 11 |
| 4 | Versace | Ash Tray | Glass/Crystal Apperance | 2 |
| 4 | Versace | Plate | Coffee Saucer | 6 |
| 4 | Versace | Cup | Coffee | 6 |
| 4 | Versace | Wine Stopper | | 3 |
| 4 | Unknown | Wine Stopper | Die, Grapes, Fleurdelis | 3 |
| 5 | Versace | Plate | Dinner | 10 |
| 5 | Versace | Plate | Show | 3 |
| 6 | Versace | Plate | Dinner | 3 |
| 6 | Versace | Bowl | Soup | 10 |
| 7 | Versace | Bowl | Gravy | 2 |
| 7 | Versace | Bowl | Soup | 1 |
| 7 | Versace | Lid | Lid to Soup bowl | 1 |
| 7 | Versace | Plate | Serving | 5 |
| 8 | Versace | Plate | Salad "BROKEN" | 1 |
| 8 | Versace | Plate | Soup bowl saucer | 3 |
| 8 | Versace | Plate | Bread | 6 |
| 8 | Versace | Plate | Salad | 12 |
| 9 | Unknown | Salt Grinder | Salt Grinder | 1 |
| 9 | Unknown | Pepper Grinder | Pepper Grinder | 1 |
| 9 | Empire Sterling | Pepper Grinder | Pepper Grinder | 1 |
| 9 | Empire Sterling | Bowl | with glass insert | 1 |
| 9 | Empire Sterling | Spoon | Spoon | 1 |
| 9 | Unknown | Plate | Metal Serving Platter | 1 |
| 9 | Unknown | Cup | Metal Goblet/Cup | 1 |
| 9 | Kosta Boda | Candle Stick | Glass/Crystal Apperance | 2 |
| 9 | Versace | Serving Piece | Cake Server | 3 |
| 9 | Versace | Spoon | Gravy Ladle | 4 |
| 9 | Versace | Spoon | Serving Spoon | 5 |
| 9 | Versace | Forks | Serving Forks | 5 |
| 9 | Versace | Knife | Sharp Knife | 8 |
| 10 | Versace | Cup | Tea Cup | 16 |
| 11 | Versace | Glass | Campaign Flute | 19 |
| 12 | Versace | Glass | White Wine glass | 18 |
| 12 | Versace | Glass | Red Wine Glass | 5 |
| 13 | Versace | Plate | Bread Plate | 23 |
| 14 | Versace | Glass | Brandy Sniffer | 24 |
| 14 | Versace | Glass | Red Wine Glass | 1 |
| 14 | Baccaret | Glass | Campaign Flute | 2 |
| 15 | Versace | Glass | Red Wine Glass | 16 |
| 15 | Versace | Glass | Campaign Flute | 6 |

**John Grant Residence**
**219 Georgia Road, Freehold, New Jersey**
**Served and seized 3/17/2011**

| Box | Manufacturer | Type | Description | Quantity |
|---:|---|---|---|---:|
| 16 | Versace | Bowl | Creamer | 2 |
| 16 | Versace | Lid | Lid to Creamer | 2 |
| 16 | Versace | Bowl | Sugar Bowl | 2 |
| 16 | Versace | Lid | Lid to Sugar Bowl | 2 |
| 16 | Versace | Other | Tea Lamp warmer | 1 |
| 16 | Versace | Bowl | Tea Pot on top of Lamp | 1 |
| 16 | Versace | Plate | Tea Pot Saucer | 1 |
| 16 | Versace | Plate | Salad | 4 |
| 17 | Unknown | Vase | Glass/Crystal Apperance | 1 |
| 17 | Unknown | Ice Bucket | Glass/Crystal Apperance | 1 |
| 17 | Unknown | Wine Stopper | Grapes | 1 |
| 18 | Versace | Plate | Show | 11 |
| 19 | Versace | Pourer | Coffee server | 2 |
| 19 | Versace | Lid | Lid to Coffee server | 2 |
| 19 | Versace | Bowl | Large Serving Bowl | 2 |
| 19 | Versace | Bowl | Serving Bowl | 1 |
| 20 | Versace | Bowl | Gravy Bowl | 1 |
| 20 | Versace | Salt Shaker | Salt Shaker | 1 |
| 20 | Versace | Pepper Shaker | Pepper Shaker | 1 |
| 20 | Versace | Candle Stick | Candle Stick | 3 |
| 20 | Versace | Plate | Cup saucer | 35 |
| 21 | Tuttle Sterling Silver | Forks | Salad | 26 |
| 21 | Tuttle Sterling Silver | Forks | Dinner | 26 |
| 21 | Tuttle Sterling Silver | Spoon | Soup | 26 |
| 21 | Tuttle Sterling Silver | Spoon | Tea | 26 |
| 21 | Tuttle Sterling Silver | Knife | Butter | 26 |
| 21 | Tuttle Sterling Silver | Knife | Dinner | 26 |
| 21 | Tuttle Sterling Silver | Forks | Assorted | 44 |
| 21 | Tuttle Sterling Silver | Spoon | Assorted | 8 |
| 21 | Tuttle Sterling Silver | Knife | Larger Butter | 4 |

Versace =                          Rosenthal Versace Marqueterie

**John Grant Residence**
**219 Georgia Road, Freehold, New Jersey**
**Served and seized 3/17/2011**

| |
|---|
| Blue Colored Box containing an empty brown colored watch box labeled Jaeger-Lecoultre with manual |
| Empty brown colored Audemars Piguet watch box |
| Black and yellow colored Breitling box containing an empty brown colored watch box for a Breitling 1184 and manuals |
| Empty brown colored Breitling watch box |
| Green colored Audemars Piguet box containing an empty brown colored watch box and certificate of origin |
| Yellow colored Breigtling box containg and empty black colored watch box |
| White colored Cartier box containing an empty red colored watch box |
| Cartier manual, certificate and guarantee issued to Mr. David Findel for purchase in October 2008, and Cartier compact disc contained in a red colored holder |
| Breitling card for Orologio for 12/15/2001 purchase |
| Breitling Old Navitimer owner's manual |
| Breitling warranty certificate number 1310189139, Reference Number D1332212/G501, Serial number 509555, Date of purchase 2/9/2003 and registration card for watch |
| Breitling warranty certificate number 1383275623, Reference number B13055, serial number -4432, date of purchase 8/18/1997 |
| Misc paperwork for Breitling products |
| Breitling instruction manual for use of slide rule |
| Breitling instruction manual for crosswind |
| Black colored bag with 2 handles and shoulder strap containing above items. |

# ATTACHMENT E

**National Home Furnishings**
**6601 Route 9 North, Howell, New Jersey**
**Served on 3/25/2011, picked up 3/31/2011**

US Currency $14,000